UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| B.R., et al., | ) | CASE NO.: 4:13CV907 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| Brian McGivern, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to this Court's request, Defendants submitted numerous documents to the Court for *in camera* inspection. Specifically, Defendants have not produced these documents during discovery because they are presumptively confidential under Ohio law. Specifically, the documents include prosecutor's files, middle school records, children's services board records, and juvenile court records. In addition to statutory confidentiality, Defendants also claim that many of the documents are protected by attorney client or work product privilege. The Court now orders as follows with respect to these documents.

Ohio courts have noted as follows with respect to juvenile records:

Although the juvenile records at issue are afforded a measure of confidentiality by R.C. 2151.14, R.C. 5153.17 and Juv.R. 32, the confidential nature of such records is not absolute since, as noted above, there exist multiple exceptions to the confidentiality provisions. The proper procedure for determining the discoverability of confidential juvenile records requires the trial court to conduct an in camera inspection to determine: 1) whether the records are necessary and

> relevant to the pending action; 2) whether good cause has been shown by the person seeking disclosure; and 3) whether their admission outweighs the confidentiality considerations set forth in R.C. 5153 and R.C. 2151.
>
> …
>
> The "good cause" determination does not run to the benefit of the agency, but instead, the nondisclosure protection runs to the individuals who are the subject of the file. Therefore, the agency may not determine that a record is confidential for the purpose of protecting the agency itself. Good cause is generally defined as that which is in the best interest of the juvenile. While appellants aptly point out that the good cause determination should focus on the best interest of the child, not appellees, we agree with the trial court that, in the present case, where the juvenile and his parent have executed waivers permitting appellees to access the records, good cause is demonstrated.

*Grantz v. Discovery for Youth*, 2005 WL 406211 (Ohio Ct. App. Feb. 22, 2005) (alterations, citations, and quotations omitted).

With respect to the juvenile court records, the Court finds that Plaintiffs have shown good cause for the production of the documents and that the admission of the documents substantially outweighs the statutory confidentiality. First, many of those records pertain directly to B.R., diminishing the need to limit their production in this matter. As many of those records would have been required by law to have been produced to B.R. and her counsel during the juvenile proceedings, their confidentiality will not be further compromised by providing them in this matter.

Moreover, to the extent those records involve the other youths in this matter, the Court similarly finds that production is warranted. The heart of this litigation focuses upon the knowledge of the charging officials and whether their investigation was constitutionally adequate. B.R. cannot prosecute such a claim without access to the information that these officials had and the ability to understand the context in which that information was gathered. Accordingly, the entirety of the juvenile records shall be produced.

Similarly, the children's services board and Canfield Middle School records shall also be produced. For the same reasons stated above, these records are highly relevant to the claims being litigated herein and B.R. cannot ascertain the information in those records in any other manner.

The prosecutor's file creates a different issue herein. To the extent that the file simply contains evidence that was gathered through the investigation, those documents must be produced. For example, the social media postings in bates stamp numbered documents 3408-3511 must be produced. However, Defendants may redact any of the personal notes made by Prosecutor Modarelli. As Prosecutor Modarelli claimed immunity in this matter and was subsequently dismissed from the suit, her personal notes bear no relevance on the claims and remain protected by work product privilege. For these same reasons, her personal notes, documents 3512-3612 need not be produced. Likewise, the cases reviewed by Prosecutor Modarelli need not be turned over and her fax to a co-worker also remains confidential.

However, as the letters and enclosures in documents 3694 through 3782 are largely redundant of those already ordered produced from the juvenile court and other agencies, these documents shall be turned over.

The Court has also closely reviewed each of the emails produced. Only the April 18, 2012 need be produced. The remaining emails do not appear relevant in any manner to the claims in this matter. However, each of the provided text messages shall be produced. The Court finds no basis for the asserted privilege and finds the text messages highly relevant to the theory being pursued by the Plaintiffs.

The Court would note that it was unable to access the video files produced by Defendants. However, given the description of those items, each shall be produced to Plaintiffs. The CSB files of the other youths are all highly relevant herein and the information therein could not possibly be gathered in any other manner. Accordingly, these videos shall be produced.

The Court acknowledges that by virtue of ordering this production, some of these documents will have lesser confidentiality than provided by statute. As such, the documents shall be marked as ATTORNEYS' EYES ONLY. If Plaintiffs' counsel believes that these documents must be shared with a non-attorney, they must seek leave of Court and establish such a need before the documents are further disclosed.

On the date of this order, the Court has placed the *in camera* reviewed documents in the U.S. mail to Defendants. Defendants shall make the redactions allowed herein and provide the documents detailed herein to Plaintiffs by no later than November 15, 2013

    IT IS SO ORDERED.

    November 1, 2013                             */s/ John R. Adams*
                                                               JUDGE JOHN R. ADAMS
                                                                UNITED STATES DISTRICT JUDGE